```
        IN THE UNITED STATES DISTRICT COURT

          FOR THE DISTRICT OF MONTANA

              GREAT FALLS DIVISION
         _____
DALE D. LUNDGREN,               )
                                )
            Plaintiff,          )   CV-09-85-GF-SEH-RKS
                                )
                                )       FINDINGS AND
MICHAEL J. ASTRUE,              )    RECOMMENDATIONS
COMMISSIONER OF SOCIAL          )
SECURITY,                       )
                                )
            Defendant.          )
         _____
```

Plaintiff Dale Lundgren ("Mr. Lundgren") instituted this action to obtain judicial review of the decision of Defendant, Commissioner of Social Security ("Commissioner"), denying his applications for Disability Insurance Benefits("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f.  See 42 U.S.C. § 405(g).  The case was

reassigned to the undersigned for the submission of proposed findings and recommendations by United States District Judge Sam E. Haddon on December 21, 2009. Now pending before the Court are the parties' cross motions for summary judgment (Ct. Doc. Nos. 14, 17). The motions are considered fully briefed and submitted with the filing of Plaintiff's reply on April 1, 2010, C.D. 20. Having considered the issues raised by the parties, together with the administrative record, the Court affirms the Commissioner's denial of benefits.

## I. PROCEDURAL BACKGROUND

Plaintiff protectively filed his application for DIB on March 22, 2007, Tr. at 59-60,11. His application was denied initially on September 12, 2007, id. at 55-57, and upon reconsideration on November 14, 2007. Id. at 51-52, 11. Mr. Lundgren timely appealed the denial of benefits and a hearing was held before an Administrative Law Judge ("ALJ") on January 8, 2009. Id. at 403-454. In a decision dated February 1, 2007, the ALJ found that Mr. Lundgren was not disabled. Id. at 9-24. The Appeals Council declined to review the ALJ's determination, making

this the Commissioner's final decision for purposes of judicial review. 20 C.F.R. § 416.1481. Tr. at 4-6. Jurisdiction vests with this Court pursuant to 42 U.S.C. § 405(g).

**II. STANDARD OF REVIEW**

The Court's review in this case is limited. The Court may set aside the Commissioner's decision only where the decision is not supported by substantial evidence or where the decision is based on legal error. Maounis v. Heckler, 738 F.2d 1032, 1034 (9th Cir. 1984) (citing Delgado v. Heckler, 722 F.2d 570, 572 (9th Cir. 1983)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence has also been described as "more than a mere scintilla" but "less than a preponderance." Desrosiers v. Sec. of Health and Human Servs., 846 F.2d 573, 576 (9th Cir. 1988). The District Court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusion. Green v. Heckler, 803 F.2d

528, 530 (9th Cir. 1986) (citing Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985)). While the Court may not substitute its findings for those of the Commissioner, Palmer v. Celebrezza, 334 F.2d 306, 308 (3rd Cir. 1964), it may reject the findings not supported by the record.

### III. BURDEN OF PROOF

A claimant is disabled for purposes of the Social Security Act if: (1) the claimant has a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," and (2) the impairment or impairments are of such severity that, considering the claimant's age, education and work experience, the claimant is not only unable to perform previous work, but also cannot "engage in any other kind of substantial gainful work which exists in the national economy." Schneider v. Commr. of Soc. Sec. Admin., 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. §1382(a)(3)(A)-(B)).

In determining whether a claimant is disabled, the

Commissioner follows a five-step sequential evaluation process. Corrao v. Shalala, 20 F.3d 943, 946 (9th Cir. 1994) (citing 42 U.S.C. § 1382C(a)(3)). If the Commissioner finds that a claimant is disabled or not disabled at any step in this process, the review process is terminated. Id. at 946. In the present case, the parties agree that the ALJ properly performed the first two steps of the process. At step three the ALJ must determine whether a claimant's impairment meets or equals the criteria of the Listing of Impairments. Step four provides that if the claimant does not have a listed impairment, then the claimant must establish a prima facie case of disability by showing an inability to engage in past work because of the medical impairments. Id. If that case is made, at step five the burden shifts to the Commissioner to prove that the claimant can engage in other types of substantial gainful work existing in the national economy given the claimant's age, education, work experience and residual functional capacity ("RFC"). Jones, 760 F.2d at 995.

**IV. DISCUSSION**

Mr. Lundgren argues first that the ALJ ignored medical records of treating physicians Drs. Peterson, Welch, Bateen, Gliko, and Davis.  C.D. 15 p 14-19. Plaintiff argues that ignoring these medical records was legal error citing, inter alia, 20 C.F.R. §404.1527, Social Security Ruling 96-2p, 61 Fed. Reg.34,490-1 (July 2, 1996), and Reddick v. Chater, 157 F. 3d 715,725 (9th Cir. 1998).

   Dr. Peterson treated Mr. Lundgren for back pain leg tingling and a sore tail bone from driving too long.  In the course of examination Dr. Peterson noted that on one occasion Mr. Lundgren was found to have a positive straight leg raise at 60 degrees and had difficulty standing from sitting.  Dr. Welch,  Dr. Bateen, Mr. Gliko  and Dr. Davis all saw Mr. Lundgren for mental health issues.

   The administrative law judge had to apply the rule of Chavez v. Bowen, 844 F. 3d 691, 693 (9th Cir. 1988). Mr. Lundgren, found in this court not to be disabled in CV-07-82-GF-SEH-RKS, Findings and Recommendations, C.D. 17, March 6, 2008 (D. Mont),and by Judge Haddon's Order adopting the Findings and Recommendations, C.D.

20, April 30, 2008, is presumed to remain disabled; he has the burden of showing changed circumstances sufficient to overcome the presumption. Booz v. Sec'y of H.H.S., 734 F. 2d 1378, 1379 (9th Cir. 1984).

The ALJ did consider the evidence Mr. Lundgren says was ignored as well as much other evidence from those professionals, TR 15-6, 17-21, but did not find that Mr. Lundgren met his burden to show not only changed circumstances but also changed circumstances demonstrating disability. Tr. 23-4. His decision is supported by substantial evidence.

Mr. Lundgren loses his argument on the contention that the ALJ "ignored" treating physicians' records. C.D. 15, pgs 7-8, 15, 16, 17. Mr. Lundgren does not mention the ALJ's reliance on treating neurosurgeon Dr. Van Gilder. TR. 21. Mr. Lundgren does not mention the ALJ's detailed assessment of the medical records as a whole of Dr. Peterson, TR 18, 22; Dr. Welsh, TR 17, 18; Dr. Davis, TR 18-9, 20, 22; Mr. Gliko TR 19. The record with respect to Dr. Bateen is not clear but establishes, after careful study, that the ALJ did credit Dr. Bateen's opinion by including

the condition that Mr. Lundgren not deal with the general public. TR. 21, TR 375, cf. Exh's 15F, changed to 12F. TR. 373. A review of the record as a whole, shows that the ALJ relied on the record as a whole including careful consideration of the records of treating physicians that the medical conditions said to be changed circumstances were not sufficiently changed to establish disability. The ALJ's decision is supported by substantial evidence.

**V. MR. LUNDGREN'S PAIN AND LIMITATION TESTIMONY**

Mr. Lundgren next argues that the ALJ did not credit Mr. Lundgren's pain and limit testimony sufficiently to the extent of having ". . . ignored both physical limitations and mental limitations. . ." C.D. 15 p. 22. That argument is not supported by a fair reading of the ALJ's decision and it is not supported by the review of the medical opinions detailed above that the ALJ relied upon. The ALJ noted that much of Mr. Lundgren's complaints should be but are not reflected in the medical records of his treating physicians. TR. 20, 22 (Dr. Davis) TR. 20 (DR. Welsh) TR 21, (Dr. Van Gilder) TR. 22 (Dr.

Peterson). Mr. Lundgren does not take into account the affect the presumption of continued disability. <u>Chavez</u>, supra. The ALJ did consider Mr. Lundgren's testimony to the extent supported by the medical records in determining Mr. Lundgren's residual functional capacity. TR. 23. The ALJ did not err. <u>Valentine v. Comm'r</u>. 574 F. 3d 1155, 1161 (9th Cir. 2009).

## VI. VOCATIONAL CONSULTANT TESTIMONY

Mr. Lundgren asserts that the vocational expert's testimony did not consider all the medical evidence. This argument repeats the earlier ones-that the ALJ did not properly credit the treating physicians and did not properly credit Mr. Lundgren's own testimony. The ALJ has no obligation to rely on testimony of limitations not supported by the record. <u>Robbins v. Soc. Sec. Admin</u>. 466 F. 3d 880, 886 (9th Cir. 2006).

## VII. CONCLUSION

Mr. Lundgren did not show changed circumstances to overcome the presumption of continued disability. The ALJ's determinations concerning the treating physicians and Mr. Lundgren's own testimony are

supported by the record.  The decision should be affirmed.

For the foregoing reasons,

IT IS HEREBY RECOMMENDED that Plaintiff's Motion for Summary Judgment (Ct.'s Doc.14) be **DENIED**.

IT IS FURTHER RECOMMENDED that the Commissioner's Motion for Summary Judgment (Ct.'s Doc. 17) be **GRANTED**.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Findings and Recommendations within fourteen (14) business days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

DONE and DATED this 28th day of April, 2010.

<u>/s/Keith Strong</u>
Keith Strong
United States Magistrate Judge

11